Ruffin, C. J.
 

 This cause was here at June term 1846, upon cross appeals by the guardian of Daniel Latham, a lunatic, and by two of his creditors. It was remanded
 
 *407
 
 with a declaration, that a fund in Court was net more than adequate to the maintenance of the lunatic, and, therefore, that no part of it ought to be paid to the creditors, who had proved their debts before the master,or retained by the guardian by way of reimbursing to him a balance due for debts of the lunatic, discharged by him without the previous authority of the Court. 4 Ire. Eq. 231. The fund consisted of $943 14, which was the produce of real estate ordered by the Court of Equity to be sold, and it was all that remained of the lunatic’s estate and was in the master’s office. Afterwards the lunatic became of sane memory, and at his instance the commission was superseded ; and he then applied to the Court of Equity, on petition, for an order, that he might withdraw the residue of the fund remaining unexpended, in order to apply it to the payment of his debts — stating, that he had examined the accounts rendered by his late guardian, and was satisfied of their correctness. The guardian made no objection, though a considerable balance appeared to be due him. But Wiswall, one of the creditors, opposed the application, and moved for an order, that a debt to him should be first satisfied, the same being due on a judgment, on which an execution was issued, which was levied on the land, before it was sold under an order for that purpose. The Court directed the money to be paid to Daniel Latham ; and Wiswall ap« pealed.
 

 The notion, on which the appeal was taken, is, that the creditor got a priority by force of his judgment and execution. But the decisions between those parties, when the case was first brought here, 2 Ire. Eq. 291, and also when last here, are clearly against that. After an order of the Court, directing a sale of the lunatic’s estate, for the purposes of the proceedings in the matter of the lunacy, creditors cannot get at that fund in any manner, but by an order of the Court. The maintenance of the luna*.
 
 *408
 
 tic is to be provided for, in the first instance ; and then, the means of doing so cannot be touched, but by the leave of the Court, under whose direction the support of the lunatic and the ordering of his affairs are placed. There can, then, be no lien in the case ; at least, when there is no specific property of the lunatic, not embraced in the order for the sale. The consequence is, that, when the charge of the lunatic and his affairs by the Court ceases by reason of the death, or restoration of the reason, of the lunatic, and the rendering his account by the committee, the Court proceeds no further in administering the fund, but simply gives it into the hands of the lunatic or his representative, where it will be amenable to creditors in the same manner, as the estate of other debtors, and with the same power of preference by the debtor between his creditors. Therefore the order must be affirmed with costs.
 

 Per Curiam.
 

 Order affirmed.